IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY a/s/o GALE ASMONDY, | ) ) ) | |
| | ) | Case Number: 17-2711 |
| Plaintiff, | ) ) | Judge: |
| v. | ) ) | Magistrate Judge: |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendants. | ) | |

## **COMPLAINT**

NOW COMES the Plaintiff, AMERICAN FAMILY MUTUAL INSURANCE COMPANY a/s/o GALE ASMONDY, by and through its attorneys, ARNETT LAW GROUP, LLC, and complaining of the Defendant, THE UNITED STATES OF AMERICA, states as follows:

I. NATURE OF ACTION

1. This matter is brought pursuant to Illinois State Law, and arises out of an automobile collision which resulted in property damage to the Plaintiff's subrogor, GALE ASMONDY's, automobile.

II. THE PARTIES

2. At all times relevant herein, GALE ASMONDY resided within the Northern District of Illinois in the City of Waukegan, Illinois.

3. At all times relevant, the Plaintiff, AMERICAN FAMILY MUTUAL INSURANCE COMPANY (hereinafter referred to as "AMERICAN FAMILY"), was an insurance company licensed to do business in Illinois, and insuring GALE ASMONDY under a

1

policy of insurance, policy No. 03663036-01, said policy providing coverage for, among other things, property damage to his vehicle.

4. At all times relevant herein, JOHN E. WICKS JR., was an employee of the United States Postal Service (USPS) and lived within the Northern District of Illinois in the City of Bellwood, Illinois.

5. At all times relevant herein, USPS was a federal entity of Defendant THE UNITED STATES OF AMERICA that was operating within the Northern District of Illinois.

III. JURISDICTION AND VENUE

6. This matter is brought pursuant to 28 U.S.C. § 1346 & 2671-2680 and 28 C.F.R. PART 14. Venue lies in the Northern District of Illinois in that the collision occurred within the District, and all the parties resided, were living, or were conducting business within the District.

IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On August 29, 2016, the Plaintiff mailed its initial subrogation demand to USPS. (See copy of August 29, 2016 letter, attached hereto as Exhibit "A").

8. On December 16, 2016, Plaintiff's counsel mailed its initial demand letter to USPS. (See copy of December 16, 2016 letter, attached hereto as Exhibit "B").

9. On January 19, 2017, the Plaintiff filed a "Claim for Damage, Injury, or Death" with USPS. (See copy of January 19, 2017 letter, Claim Form, and Return Receipt, attached hereto as Exhibit "C").

10. Via letter dated January 17, 2017, the Defendant, THE UNITED STATES, by and through USPS, denied the Plaintiff's claim. (See copy of Denial Letter attached hereto as Exhibit "D").

V.    FACTUAL ALLEGATIONS

11.    On April 29, 2016, GALE ASMONDY was the operator of a 2013 Volkswagen Beetle, which was being operated in accordance with all traffic laws, and was turning east onto W. Scranton Ave., at its intersection with Sheridan Rd. in Lake Bluff, Lake County, Illinois.

12.    On April 29, 2016, JOHN E. WICKS JR. was the operator of a 1994 Chevrolet LLV-A mail truck, with VIN 1GBC51047R2916275, owned by USPS, which was turning onto southbound Sheridan Rd. at or near its intersection with W. Scranton Ave. in Lake Bluff, Lake County, Illinois.

### COUNT I- NEGLIGENCE
### (UNITED STATES)

13.    At all times relevant herein, JOHN E. WICKS JR., was the authorized agent, servant, employee or member of the Defendant, THE UNITED STATES, by and through his employment with USPS, and was acting within the scope of his office or employment with the Defendant, THE UNITED STATES, and, as such, the Defendant, THE UNITED STATES, is vicariously liable for the negligent or wrongful acts or omissions of JOHN E. WICKS JR. as alleged herein.

14.    At all times relevant herein, the Defendant, THE UNITED STATES, by and through its agent JOHN E. WICKS JR., had a duty to exercise a reasonable degree of care and caution in the operation, management and control of said vehicle in accordance with the applicable motor vehicle statutes and ordinances, so as not to carelessly and negligently cause property damage to vehicles rightfully and lawfully upon the public way.

15.    At the aforementioned time and place, the vehicle driven by JOHN E. WICKS JR., was so carelessly and negligently being operated and driven that it was caused to and did

strike the vehicle being driven by GALE ASMONDY, and as a direct and proximate result of the negligence of the Defendant, GALE ASMONDY's vehicle was damaged.

16. At the aforementioned time and place, Defendant, THE UNITED STATES, by and through its agent JOHN E. WICKS JR., in violation of its duty to the Plaintiff, committed one or more of the following careless and wrongful acts or omissions of negligence:

   a. Carelessly and negligently operated and drove said vehicle at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway in violation of 625 ILCS 5/11-601;

   b. Carelessly and negligently operated and drove said motor vehicle by failing to exercise reasonable care to maintain the vehicle under proper control;

   c. Carelessly and negligently operated and drove said motor vehicle by failing to keep a proper lookout for other motor vehicles lawfully upon the roadway;

   d. Carelessly and negligently operated and drove said motor vehicle by failing to make a proper application of the brakes;

   e. Carelessly and negligently operated and drove said motor vehicle by failing to alter the course or speed of said vehicle when danger of collision was imminent;

   f. Carelessly and negligently operated and drove said motor vehicle by driving through a red traffic light;

   g. Carelessly and negligently struck the vehicle being driven by GALE ASMONDY, at or near the intersection of W. Scranton Ave. and Sheridan Rd. in the city of Lake Bluff, County of Lake, Illinois; and

   h. Was otherwise negligent.

17. As a direct and proximate result of the Defendant, THE UNITED STATES, by and through its agent JOHN E. WICKS JR.'s aforesaid careless and negligent acts and

omissions, GALE ASMONDY suffered injuries of a personal and pecuniary nature, including but not limited to property damage expenses.

20. The Plaintiff, AMERICAN FAMILY, by reason of its legal liability under the terms of said insurance policy, and upon demand of its insured, paid $892.47 to GALE ASMONDY, for the property damage to her vehicle.

19. GALE ASMONDY was required to pay a $1,000.00 deductible pursuant to the terms of her policy of insurance with AMERICAN FAMILY.

20. Under the terms of said insurance policy, the Plaintiff, AMERICAN FAMILY, has become subrogated to the rights of its insured, GALE ASMONDY, against the Defendant, THE UNITED STATES, by and through its agent JOHN E. WICKS JR.'s aforementioned negligent acts.

WHEREFORE, the Plaintiff, AMERICAN FAMILY MUTUAL INSURANCE COMPANY a/s/o GALE ASMONDY, hereby prays that this Honorable Court enter judgment in its favor and against the Defendant, THE UNITED STATES, in an amount not less than $1,892.47, plus costs and any other relief which this Court deems just and appropriate.

Respectfully submitted,

ARNETT LAW GROUP, LLC

s/ Sean P. Farrell
Sean P. Farrell

Scott J. Larsen/ ARDC: 6229665
Sean P. Farrell/ ARDC: 6320594
ARNETT LAW GROUP, LLC
500 W. Monroe St., Suite 2010
Chicago, IL 60661
(312) 561-5660
ARDC: 6320594

5