UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY a/s/o GALE ASMONDY, | )<br>)<br>) |
| Plaintiff, | ) No. 17 C 2711 |
| v. | ) Judge Wood |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE
OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between the undersigned plaintiff and the United States of America, by their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of $1400.00, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff or plaintiff's guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiff and plaintiffs guardians, heirs, executors, administrators, and assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants, or employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and plaintiff's guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This Stipulation for Compromise Settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and between the parties, to dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(l)(A)(ii), with each of the parties to bear their own costs, fees, and expenses, and that any attorney's fees will be paid out of the settlement amount and not in addition thereto.

2

6. It is also understood by and between the parties that pursuant to 28 U.S.C. § 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

7. The persons signing this Stipulation for Compromise Settlement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

8. Payment of the settlement amount will be via check drawn on the United States Postal Service and made payable to "American Family Mutual Insurance Company a/s/o Gail Asmondy, plaintiff, and Arnett Law Group, LLC, her attorneys." The check will be sent to Sean P. Farrell, Arnett Law Group, LLC, 500 W. Monroe Street, Suite 2010, Chicago, Illinois 60661. Plaintiff's attorneys agree to distribute the settlement proceeds to plaintiff.

9. The parties agree that this Stipulation for Compromise Settlement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. It is contemplated that this Stipulation for Compromise Settlement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

11. This stipulation contains the entire agreement between the parties with respect to the subject of this litigation and supersedes all prior negotiations and writings regarding this matter. Any modification of this stipulation may be made only in a writing signed by or on behalf of all parties.

Attorney for defendant:

JOEL R. LEVIN
Acting United States Attorney

By: _____
SUSAN WILLOUGHBY ANDERSON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9082
willoughby.anderson@usdoj.gov

Executed this day 30 of May, 2017.

Attorney for plaintiff:

_____
SEAN P. FARRELL
ARNETT LAW GROUP, LLC
500 W. Monroe St., Suite 2010
Chicago, IL 60661
(312) 561-5660

Executed this day 30 of May, 2017.

Plaintiff:

_____
AMERICAN FAMILY MUTUAL INSURANCE COMPANY
a/s/o GALE ASMONDY

Executed this 30 day of May, 2016.

4